UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| KEVIN BARTCZAK and KEITH ALDRICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 06-10550-NMG |
| v. | ) | |
| | ) | FILED UNDER SEAL |
| CYTERRA CORPORATION, DAVID FINE, | ) | PURSUANT TO 31 U.S.C. § 3730 |
| GLEN ANDERSON, and JAMES HARDING, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF INTERVENTION IN PART
## FOR PURPOSES OF SETTLEMENT AND DECLINATION IN PART

1.     The United States, Relators and Defendants have reached an agreement to resolve

Counts I through VI of the Complaint in this action (the claims brought under the False Claims

Act, 31 U.S.C. §§ 3729 et seq.).  In light of this agreement, and for the purpose of effectuating

and formalizing that resolution, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and

(4), the United States respectfully advises the Court of its decision to intervene in part for the

purposes of settlement.  Specifically, the United States intervenes in this action with respect to

civil claims against CyTerra Corporation[1] ("CyTerra") predicated upon the following factual

allegations (the "Covered Conduct"):

> Effective June 30, 2003, the Department of the Army awarded to CyTerra
> Corporation Contract DAAB15-03-C-0025 for the low rate production and
> delivery of AN/PSS-14 mine detection units (the "Contract").  The Contract was
> modified several times to provide for the production and delivery of additional

---

[1]  The correct name of the corporate defendant is CyTerra Corporation, not CyTerra, Inc.  A
Stipulation substituting CyTerra Corporation as the corporate defendant is being filed
contemporaneously herewith.

AN/PSS-14s. In connection with the negotiations concerning Contract
Modifications P00017, P00019, and P00024, CyTerra knowingly failed to provide
the Army with cost or pricing data that were accurate, complete, and current, in
violation of the Truth In Negotiations Act, 10 U.S.C. § 2306a(a). Specifically,
CyTerra submitted data concerning the labor hours needed to produce a AN/PSS-
14 mine detector unit, but that data did not reflect more recent labor hour data.
CyTerra concealed from the Army the fact that it had available to it more current
data indicating that the labor hours needed to produce a AN/PSS-14 mine detector
unit were significantly lower than represented in CyTerra's cost proposals.
CyTerra knowingly submitted false Certificates of Current Cost or Pricing Data in
connection with Modifications P00017, P00019, and P00024. CyTerra
subsequently submitted false claims to the United States in violation of the False
Claims Act, 31 U.S.C. § 3729. Had the Army known about the more current
labor hour data, it would have negotiated lower prices for the mine detectors.

2.    The United States declines intervention with respect to all other claims alleged in

this action apart from those based upon the Covered Conduct.[2]

3.    Under the terms and conditions of a settlement agreement among the Parties, the

Parties will file a Stipulation of Dismissal with respect to all intervened claims in this action

following the payment of the settlement amount.

4.    In light of the proposed resolution of this case, the United States does not

presently intend to file a complaint in intervention in this action, but reserves the right to seek

leave to file such a complaint in the event the settlement is not consummated.[3]

5.    The United States requests that the Court unseal the Relators' Complaint in this

action. The United States requests that all other papers filed by the United States in this action

_____

[2] With respect to any declined claims brought under the False Claims Act, the United States
expects that such claims will be voluntarily dismissed with the United States' consent upon
consummation of the settlement.
[3] While the agreement of the parties contemplates the resolution of Counts I through VI in their
entirety, should that agreement not be consummated in whole or in part, to the extent that any
non-intervened claims brought by Relators are not voluntarily dismissed or resolved, the United
States reserves its rights under 31 U.S.C. §§ 3730(b)(1) and (c)(3) to be consulted regarding any
subsequently-proposed settlement of such claims, and to have all pleadings and filings served
upon the United States.

remain under seal because in discussing the content and extent of the United States'
investigation, such papers are provided by law to the Court alone for the sole purpose of
evaluating whether the seal and time for making an election to intervene should be extended.

Finally, the United States notes that the settlement agreement of the parties does not
resolve Counts VII through X of the Complaint (alleging unlawful retaliation), nor does it
resolve Relators' claim for attorneys' fees and costs. Those claims remain outstanding.

A proposed Order accompanies this notice.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

Dated:  July 2, 2013              By:

George B. Henderson, II
Assistant United States Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
*George.henderson2@usdoj.gov*

TONY WEST
Assistant Attorney General

MICHAEL D. GRANSTON
BRIAN McCABE
Attorneys, Civil Division
United States Department of Justice
601 D Street, N.W.
Washington, D.C. 20004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document and proposed Order were served, via first class mail, on this 2nd day of July, 2013, upon the Relators' counsel:

Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA 90292

Shaun B. Spencer
One Post Office Square, Second Floor
Sharon, MA 02067

Patricia R. Sigman, Esq.
Sigman & Sigman, P.A.
211 Maitland Avenue
Altamonte Springs, FL 32701

George B. Henderson, II